**UNITED STATES of America, Plaintiff,**

v.

**4.65 ACRES OF LAND, MORE OR LESS, SITUATE IN HENRY COUNTY, STATE OF MISSOURI; and Matilda Walker, et al., Defendants.**

**No. 79–0568–CV–W–1.**

United States District Court,
W.D. Missouri, E.D.

June 2, 1983.

J. Whitfield Moody, U.S. Atty., Vernon A. Poschel, Asst. U.S. Atty., Kansas City, Mo., for the Government.

S. Preston Williams, North Kansas City, Mo., for defendants.

**ORDER**

JOHN W. OLIVER, Senior District Judge.

This land condemnation action pends on the government's objections to the report of

the Land Condemnation Commission. After careful consideration, we find and conclude that the objections are without merit and that the report of the Commission in this case should be confirmed and adopted.

■ A land condemnation commission report and award is to be affirmed unless it is clearly erroneous, *United States v. 403.14 Acres of Land,* 553 F.2d 565 (8th Cir.1977), or it inadequately discloses the approach taken by the Commission. *United States v. Merz,* 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964). In this case the Commission has not failed in either respect.

The government makes three objections to the Commission's Report: (1) that the Commission erred in concluding that Mr. Scott, the landowner's appraiser, correctly allowed severance damage to the unencumbered area in the southern portion of the tract for diminished access; (2) that the Commission erred in failing to set out what specific dollar amount it allowed for severance; and (3) that the Commission erred in relying on Mr. Scott's after sales, which are of a different highest and best use, to determine the after value.

The first objection concerns the diminished value of the unencumbered land. In a case such as this where there is a partial taking of a tract of land, the proper measure of just compensation is the difference between the fair and reasonable market value of the entire ownership immediately before the taking and the fair and reasonable market value of the remainder immediately after the taking. *United States v. 9.20 Acres of Land,* 638 F.2d 1123, 1127 (8th Cir.1981); *United States v. 91.90 Acres of Land,* 586 F.2d 79, 86 (8th Cir.1978), *cert. denied,* 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1045 (1979); and *United States v. 403.14 Acres of Land, supra,* 553 F.2d at 567. This means that in partial taking cases "the landowner is entitled to be compensated not only for the value of his land that is actually taken, but also for the diminution of the value of what is left to him after the taking." *Farmland Preservation Ass'n v. Goldschmidt,* 611 F.2d 233, 237 (8th Cir.1979). This diminution of the unencum-

bered remainder is often and "somewhat loosely," *United States v. Miller,* 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943), referred to as "severance damage." But generally there is no need to talk about severance damage as such, the "before and after" measure of damage includes within it any diminution to the remainder. *United States v. 91.90 Acres of Land, supra,* 586 F.2d at 86.

■ Thus, although the government phrases its objections in terms of severance damage, the more appropriate formulation of the question is whether the Commission properly took into consideration all factors of value that would affect the market value of the property immediately after the taking. On page 17 of the Report, the Commission states that the unencumbered area in the southern portion of the tract has been diminished in value by the encumbrance of an access road. This is a question of fact which we must accept unless clearly erroneous. *United States v. 403.14 Acres of Land, supra,* 553 F.2d at 568. The Commission clearly sets out its reasoning as to why the after value of the remainder would be diminished by the encumbrance of the access and its findings are not clearly erroneous. The first objection shall be overruled.

■ Concerning the second objection, it should again be noted that, in cases such as this where there is a partial taking of a tract of land, the proper measure of compensation is the difference between the "before" and "after" values shown by the evidence. "[T]here is thus no occasion for the making of any special award or determination of 'severance damage,' because the matter is included in the finding of what the remainder of the land was worth immediately after the taking." *United States v. 403.14 Acres of Land, etc., supra,* at 567, note 2. It is, of course, necessary for the Commission to take into consideration all factors of value that would influence a reasonable buyer and seller, and, as stated above, the Report does show that the Commission did take those factors into account in examining the effect of the diminished access. (See page 17 of the Report). Since

it was not necessary for the Commission to set out a specific dollar amount for severance damages, the second objection shall be overruled.

 The government also objects to the Commission's reliance on Mr. Scott's "after" sales. But the Commission did not rely totally on these after sales. The Report examines certain after sales presented by Mr. Scott but the Commission did not accept these sales without qualification—the Report clearly indicates that the Commission believed that Mr. Scott should have applied somewhat larger upward adjustments to the prices of the comparative sales in order to accurately reflect the after value of the subject tract in view of its superior location. Furthermore, the Commission also considered and relied on appraisal evidence introduced by the government. In determining after value, the Commission found a comparative sale cited by the government to be "of special assistance" and it placed great reliance on that particular sale. (See pages 17–18 of the Report.) Thus, the government's third objection is wholly without merit and will therefore be overruled.

Accordingly, it is

ORDERED (1) that plaintiff's objections should be and are hereby overruled. It is further

ORDERED (2) that the Report of the Commission should be and is hereby adopted. It is further

ORDERED (3) that within twenty (20) days of this same order the government shall prepare a form of final judgment in this case.